UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DESEAN HILL,

                            Plaintiff,

  v.                                                   9:18-CV-1203
                                                         (DNH/TWD)

ANTHONY ANNUCCI, Acting
Commissioner, ANNE M. MCGRATH,
Associate Commissioner, KATHLEEN
GREY, OMH Therapist; Great
Meadow Correctional Facility, MR.
JACKSON, OMH Unit Chief, Great
Meadow Correctional Facility, MR.
MILLER, Superintendent; Great
Meadow Correctional Facility, and
M. BERNARD, Guidance Staff;
Great Meadow Correctional Facility
formerly known as Jane Doe,

                            Defendants.

---

APPEARANCES:

DESEAN HILL
14-A-0857
Plaintiff, Pro Se
Southport Correctional Facility
P.O. Box 2000
Pine City, NY 14871

HON. LETITIA JAMES                                  NICHOLAS LUKE ZAPP, ESQ.
New York State Attorney General - Albany        Ass't Attorney General
The Capitol
Albany, NY 12224
Attorney for Defendants

DAVID N. HURD
United States District Judge

**DECISION AND ORDER**

**I.  INTRODUCTION**

Pro se plaintiff Desean Hill ("Hill" or "plaintiff") commenced this civil rights action asserting claims arising out of his confinement at Great Meadow Correctional Facility ("Great Meadow C.F."). *See generally*, Dkt. No. 1 ("Compl."). The procedural history of this litigation was summarized in this Court's Decision and Order filed on April 2, 2019 (the "April Order") and will not be restated herein. *See* Dkt. No. 35 at 2-3.

In February 2019, Hill filed a motion for preliminary injunctive relief seeking an order directing the New York State Department of Corrections and Community Supervision ("DOCCS") to place him in protective custody, also known as "the APPU," at Five Points Correctional Facility ("Five Points C.F.") *See* Dkt. No. 25 at 2; Dkt. No. 27-1 at 4; Dkt. No. 30 at 3. In the April Order, the Court denied plaintiff's motion. *See generally*, Dkt. No. 35.

Presently before the Court is Hill's motion for reconsideration of the April Order. Dkt. No. 38. Defendants oppose, arguing the motion is untimely and lacks merit. Dkt. No. 40.

**II. DISCUSSION**

"A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice." *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)).

"The standard for granting a motion for reconsideration is strict[.]" *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should

not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.* Furthermore, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.' " *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

"When newly discovered evidence is the basis for reconsideration, the proponent must demonstrate that the newly discovered evidence was neither in his possession nor available upon the exercise of reasonable diligence at the time the interlocutory decision was rendered." *U.S. v. Morrison*, No. 04-CR-699, 2007 WL 4326796, at *2 (E.D.N.Y. Dec. 7, 2007) (citing, *inter alia, Tri-Star Pictures, Inc. v. Leisure Time Prods., B.V.*, No. 88 Civ. 9127, 1992 WL 296314, at *3 (S.D.N.Y. Oct. 6, 1992) ("The Court will not set aside a judgment because a frustrated litigant failed to present on a motion for summary judgment all facts known by or reasonably available to him.").

### A. Timeliness of Motion

Motions for reconsideration are governed by Local Rule 7.1(g) which provides, in pertinent part, "motions for reconsideration or reargument may be filed and served no later than fourteen days after the entry of the challenged order." N.D.N.Y.L.R. 7.1(g).

Courts in this District routinely deny motions for reconsideration due to a litigant's failure to comply with the timeliness provision of Rule 7.1(g). *See e.g., De Deo v. Brown,* No. 09–CV–0946, 2009 WL 3644253, at *1 (N.D.N.Y. Oct. 28, 2009) (McAvoy, J.) (relying on, inter alia, rule 7.1(g) of the local rules of practice in concluding that the plaintiff's motion for reconsideration "is ... untimely and may properly be denied on that basis")*; Carp v. State,* No. 97–CV–1310, 1998 WL 51966, at *1 (N.D.N.Y. Feb.5, 1998) (Pooler, J.) (denying the

3

plaintiff's motion for reconsideration of the court's order dismissing his complaint pursuant to rule 7.1(g) of the local rules because the motion was submitted more than thirty days after the dismissal order was filed); *Burke v. Warren Cnty. Sheriff's Dep't,* 890 F.Supp. 133, 140 (N.D.N.Y. June 30, 1995) (Munson, J.) (denying the plaintiff's motion for reconsideration as untimely under rule 7.1(g) of the local rules).

In this case, the subject order was issued on April 2, 2019. Dkt. No. 35. Hill submitted the within motion on July 17, 2019, well beyond the fourteen days prescribed by Rule 7.1(g). Dkt. No. 38. Plaintiff has not provided any explanation for the delay in filing the within motion. Accordingly, the motion will be denied as untimely.

### B. The Merits

Even assuming that the motion was timely served, Hill's motion lacks merit. Plaintiff seeks reconsideration of the April Order because he was assaulted at Wende Correctional Facility ("Wende C.F.") on June 16, 2019. *See* Dkt. No. 38 at 1. Plaintiff argues that the "assault" further supports the need for his transfer to the APPU. *See id.* at 2.

The facts now alleged by Hill relate to events that occurred <u>after</u> the Court issued the April Order. Because a motion for reconsideration cannot be used "to advance new facts, issues or arguments not previously presented to the Court," *see Davidson v. Scully*, 172 F.Supp.2d 458, 461 (2d Cir. 2001), the evidence and arguments put forward by plaintiff do not provide a basis for reconsideration of the April Order.

Finally, there is no indication that reconsideration might be necessary to remedy a clear error of law or to prevent manifest injustice. According to Hill, his "safety and security" are in "jeopardy." *See* Dkt. No. 38 at 2. As discussed in the April Order, the defendants

herein are Annucci, McGrath, Grey, Jackson, Miller, and Bernard. *See* Dkt. No. 35 at 10. To the extent that plaintiff seeks relief against unidentified officials and officers at Wende C.F., who are not defendants in this action, "injunctive relief is available against non-parties only under very limited circumstances, none of which are present here." *See id.*

Moreover, the allegations in Hill's motion; *i.e.*, that he was assaulted at Wende C.F. in June 2019, are "not sufficiently related to the claims in the Complaint, which relate to the failure to protect him from assaults in 2017 at Great Meadow C.F." *See* Dkt. No. 35 at 10.

Hill has not cited to any caselaw which would mandate that the Court's prior decision be vacated and has not demonstrated an intervening change in controlling law, nor has he articulated any clear legal error. In sum, plaintiff has not made any showing that reconsideration of the Order is warranted. *See, e.g., Banco de Seguros Del Estado v. Mut. Marine Offices, Inc*., 230 F.Supp.2d 427, 431 (S.D.N.Y. 2002) (denying motion for reconsideration where movant "reargue[d] the points it made during the initial briefing and . . . explain[ed] to the Court how its analysis is 'erroneous' "); *United States v. Delvi*, No. S1201 CR 74, 2004 WL 235211, at *2 (S.D.N.Y. Feb. 6, 2004) (denying motion for reconsideration where movant "point[ed] to no facts or law that the Court overlooked in reaching its conclusion, and instead simply reiterate[d] the facts and arguments that the Court already considered and rejected"). Accordingly, plaintiff's motion for reconsideration (Dkt. No. 38) is denied.

## III. **CONCLUSION**

Therefore, it is

ORDERED that

1. Plaintiff's motion for reconsideration (Dkt. No. 38) is **DENIED**; and

2. The Clerk of the Court shall serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

IT IS SO ORDERED.

Dated: August 29, 2019
       Utica, New York.

_____
United States District Judge