UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| DESEAN HILL, | STIPULATION AND ORDER OF DISCONTINUANCE PURSUANT TO RULE 41(A) |
| *Plaintiff*, | |
| -against- | |
| | Court No. 9:18-CV-1203 |
| ORC MELISSA BERNARD; OMH LMSW2 KATHLEEN GREY, | (DNH/TWD) |
| *Defendants*. | |

---

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned, the Plaintiff Desean Hill (hereinafter "Plaintiff"), and his counsel, Elizabeth Gaffney, of Saunders Kahler, L.L.P., and the attorney for the Defendants, Kathleen Grey and Melissa Bernard, that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, the above-entitled action be and the same hereby is settled on the particular circumstances of this case, on the following terms and conditions, which it is agreed are of and shall have no legal precedential value in any other cases either between the parties to this case or any other parties:

1. Plaintiff discontinues this action with prejudice and without damages, costs, interest or attorneys' fees, and discharges and releases Defendants Kathleen Grey and Melissa Bernard, the N.Y.S. Office of Mental Health ("OMH"), the N.Y.S. Department of Corrections and Community Supervision ("DOCCS"), and the State of New York, including its agencies, subdivisions, employees, private contractors or assignees, of any and all claims, demands, or causes of actions, known or unknown, now existing or hereafter arising, whether presently asserted

or not, which relate in any way to the subject matter of this action, and further agrees to discontinue and/or not to commence or to pursue in any court, arbitration or administrative proceeding, any litigation or claims against said Defendants and/or others released hereby pertaining to the underlying facts, circumstances or incidents that gave rise to the aforementioned action, or any results of the aforementioned facts, circumstances or incidents.

2. Defendants Kathleen Grey and Melissa Bernard discharge and release Plaintiff from any and all claims, demands, or causes of actions, known or unknown, now existing or hereafter arising, whether presently asserted or not, which relate in any way to the subject matter of this action.

3. This action is hereby discontinued with prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

4. The parties agree that no provision of this settlement shall be interpreted to be an acknowledgment of the validity of any of the allegations or claims that have been made in the action.

5. This settlement does not constitute a determination of, or admission by any party to any underlying allegations, facts or merits of their respective positions. The settlement of this action is limited to the circumstances in this case alone and shall not be given effect beyond the specific provisions stipulated to. This settlement does not form and shall not be claimed as any precedent for, or an agreement by the parties to any generally applicable policy or procedure in the future.

6. Following the execution of this stipulation, and it being "so ordered" by the Court, Defendants shall pay to plaintiff the total sum of five thousand dollars and 00/100 ($5,000.00) in

2

full settlement of any and all claims, attorneys' fees, and costs. This settlement shall be made in one payment of five thousand dollars and 00/100 ($5,000.00) to be deposited in Plaintiff's facility/departmental inmate account at his resident correctional facility.

7. Payment by Defendants Kathleen Grey and Melissa Bernard of the amount specified in paragraph 6 is conditioned on the approval of all appropriate state officials in accordance with the provisions for indemnification under section 17 of the New York Public Officers Law. As is required by New York State law, payment to Plaintiff by Defendants, pursuant to paragraph 6, could be subject to the provisions of Chapter 62 of the Laws of 2001 (the "Son of Sam Law").

8. Payment of the amounts referenced in paragraph 6 will be made within one hundred and twenty (120) days after the approval of this stipulation by the Court and receipt by Defendants' counsel of a copy of the "so ordered" stipulation.

9. In the event that the terms of paragraph 7 are satisfied, but payment is not made within the 120 day period set forth in paragraph 8, interest shall begin to accrue on the outstanding principal balance at the federal statutory rate on the one hundred and twenty-first day after the Court's approval.

10. The foregoing constitutes the entire agreement of the parties.

///

3

Dated: Wallkill, New York

February 2nd, 2023

*[signature]*
DESEAN HILL | DIN: 14-A-0857

Dated: Utica, New York
February 1, 2023

s/ *Elizabeth Gaffney*
Elizabeth Gaffney
Saunders Kahler L.L.P
185 Genesee Street
Suite 1400
Utica, NY 13501-2194
(315) 733-0419
Email: egaffney@saunderskahler.com

Dated: Albany, New York
February 1, 2023

LETITIA JAMES
Attorney General of the State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224

IT IS SO ORDERED:

*[signature]*
David N. Hurd
U.S. District Judge

By: s/ *Michael McCartin*
Michael G. McCartin
Assistant Attorney General, of Counsel
Bar Roll No. 511158
Telephone: (518) 776-2620
Email: Michael.McCartin@ag.ny.gov

Dated: 2-6-2023

4